Matter of Boomer v New York State Dept. of Corr. & Community Supervision (2026 NY Slip Op 01255)

Matter of Boomer v New York State Dept. of Corr. & Community Supervision

2026 NY Slip Op 01255

Decided on March 5, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 5, 2026

CV-24-0712
[*1]In the Matter of Rachel Boomer, Appellant,
vNew York State Department of Corrections and Community Supervision et al., Respondents.

Calendar Date:January 14, 2026

Before:Reynolds Fitzgerald, J.P., Ceresia, Fisher, McShan and Mackey, JJ.

Beldock Levine & Hoffman LLP, New York City (Marc A. Cannan of counsel), for appellant.
Letitia James, Attorney General, Albany (Rachel Raimondi of counsel), for respondents.

McShan, J.
Appeal from a judgment of the Supreme Court (Catherine Leahy-Scott, J.), entered February 8, 2024 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Department of Corrections and Community Supervision finding that petitioner committed misconduct warranting a sanction to her visitation privileges.
In January 2023, petitioner attempted to visit her husband, an incarcerated individual at the Gouverneur Correctional Facility, when her visit was denied by respondent Department of Corrections and Community Supervision's (hereinafter DOCCS) staff due to an indication by a trained DOCCS narcotic detection canine. Thereafter, respondent Superintendent of the Gouverneur Correctional Facility informed petitioner by letter that her visitation privileges were suspended for three months based on the incident. Petitioner appealed the determination and DOCCS's associate counsel determined that petitioner was provided with fair notice of the charges against her and that her conduct violated DOCCS's rules regarding visitation. However, associate counsel found that the three-month suspension was improper and reinstated petitioner's visiting privileges. Petitioner thereafter commenced the underlying CPLR article 78 proceeding seeking to annul the determination by DOCCS that petitioner engaged in conduct warranting a sanction. After issue was joined, Supreme Court dismissed the proceeding, and petitioner appeals from that determination.
During the pendency of the appeal, DOCCS voluntarily agreed to expunge any records of the underlying misconduct from petitioner's prior suspension and fully reinstated her visitation privileges. Respondents now contend that the matter has been rendered moot. We agree. "Typically, courts are precluded from considering questions which, although once live, have become moot by passage of time or change in circumstances. In general, an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment" (Matter of Percinthe v Department of Corr. & Community Supervision, 227 AD3d 1347, 1347-1348 [3d Dept 2024] [internal quotation marks, brackets and citations omitted], lv denied 42 NY3d 908 [2024]; see Matter of Prisoners' Legal Servs. of N.Y. v New York State Dept. of Corr. & Community Supervision, 209 AD3d 1208, 1210-1211 [3d Dept 2022], affd 42 NY3d 936 [2024]). In assessing whether a matter is subject to an exception to the mootness doctrine, "a court must determine that three elements have been established; the issue is likely to recur, it is novel and substantial, and that it typically evades review" (Matter of Albany-Schoharie-Schenectady-Saratoga Bd. of Coop. Educ. Servs. v Rosa, 234 AD3d 1034, 1036 [3d Dept 2025]; see Matter of Association of Motor Veh. Trial Attorneys, Inc. v New York State Dept. of Motor Vehs[*2]., 223 AD3d 948, 950 [3d Dept 2024]).
Although the initial reinstatement of petitioner's visiting privileges did not, by itself, moot the proceeding under the circumstances presented (see Matter of Walker v Commissioner, N.Y. State Dept. of Corr. & Community Supervision, 241 AD3d 1, 5 [3d Dept 2025]; compare Matter of Murphy v New York State Dept. of Corr. & Community Supervision, ___ AD3d ___ [3d Dept 2025] [decided herewith]), respondent's subsequent purge of all records pertaining to the underlying conduct and violation by petitioner provided her all of the relief to which she is entitled (see Matter of Leonard v Titus, 239 AD3d 1132, 1132 [3d Dept 2025]; Matter of McBride v Ledbetter, 238 AD3d 1423, 1424 [3d Dept 2025]).[FN1] Petitioner's assertions of the stigma associated with Supreme Court's order or the possibility that the order will be used in some potential, future litigation are "too remote and speculative to be justiciable" (Matter of Percinthe v Department of Corr. & Community Supervision, 227 AD3d at 1348; see Matter of Lamar v Cuevas, 234 AD3d 852, 854-855 [2d Dept 2025]). As for petitioner's contentions that the exception to the mootness doctrine applies, we are unpersuaded. Although the present issue is one that might recur (see e.g. Matter of Suttles v Annucci, 177 AD3d 1062, 1063 [3d Dept 2019]), it does not present a novel issue or one that is likely to evade review (see Patterson v State of New York, 234 AD3d 1093, 1095-1096 [3d Dept 2025]; Matter of Percinthe v Department of Corr. & Community Supervision, 227 AD3d at 1348). Accordingly, as the matter is moot and the exception to the mootness doctrine is inapplicable, we dismiss petitioner's appeal.
Reynolds Fitzgerald, J.P., Ceresia, Fisher and Mackey, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.

Footnotes

Footnote 1: We find petitioner's claim that a present controversy remains due to her ability to receive counsel fees in the proceeding under the Equal Access to Justice Act unavailing, as a finding of mootness would not preclude such an award (see generally Matter of Markey v Teitz, 244 AD3d 78, 80 [3d Dept 2025]).